950 F.2d 730
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Naval T. DEVELOS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3368.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1991.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Naval T. Develos, a Philippine citizen, appeals the April 16, 1991 Order of the Merit Systems Protection Board (Board), Docket No. SE08319010456. This order constituted the Board's final decision, denying Mr. Develos' petition for review of the Board's September 25, 1990 Initial Decision wherein it found that Mr. Develos was not entitled to a retirement annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 OPINION
 
 2
 Mr. Develos claims entitlement to a CSRA retirement annuity based on his employment by a Government contractor, the Mariana Stevedoring & Development Company, between 1947 and 1958 at the U.S. Naval Station on Guam. Mr. Develos has the burden to prove his entitlement to such a retirement annuity. Cheeseman v. OPM, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). That proof must include that he had at least 5 years of creditable Federal civilian service and that one of the last 2 years was in a position covered by the CSRA. 5 U.S.C. § 8333(a), (b) (1988). Mr. Develos' service with a Government contractor does not suffice to prove that he was an "employee" of the Government as contemplated in 5 U.S.C. § 2105(a) (1988). Nor has he produced any evidence that retirement deductions were withheld from his salary during his employment. The evidence he submitted fails to support his claim that he served in a position covered by the CSRA.
 
 
 3
 Under the narrow scope of review under which we must evaluate this case, we are required to affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Because Mr. Develos failed to produce any evidence to support his claim of entitlement to a CSRA annuity, this court affirms the Board's decision as supported by substantial evidence.